IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DENNIS REYNOLDS et al., ) | |
| ) | |
| Plaintiffs, ) | No.  06-1121 |
| ) | |
| v. ) | |
| ) | |
| N.E. FINCH CO. et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

On May 9, 2006, Plaintiffs filed this case, alleging that Defendants underpaid them for contracted trucking services.  The Complaint sounds in RICO, common law fraud and breach of contract.  The Complaint is worded identically, in all significant respects, to a Complaint filed in this District on October 17, 2005, by different plaintiffs against the same defendants, <u>Ohls v. N.E. Finch Co. et al.</u>, 05-CV-1311, pending before Judge McDade.

On August 30, 2006, Plaintiffs filed a "Motion for Permissive Joinder of Parties" (d/e 13), asking to join this case with <u>Ohls</u>.  Plaintiffs ask "pursuant to Rule 20 for permissive joinder of parties joining 06-cv-1121 . . . with 05-1311."  Defendants object.

Permissive joinder under rule 20 does not apply. Permissive joinder of plaintiffs is a voluntary option for pursuit by persons who wish to join as plaintiffs. Fed. R. Civ. P. 20(a)("All persons *may join* in one action as plaintiffs . . .)(emphasis added). The plaintiffs in Ohls have not moved to join with the Plaintiffs here. There is no indication that the Ohls plaintiffs are even aware of this case or the instant motion. Nor have Plaintiffs here moved to intervene or otherwise participate in Ohls. Plaintiffs cite no case, nor is the Court aware of any, supporting the application of Rule 20 to compel persons to join as plaintiffs, much less plaintiffs that are already proceeding in their own separate action. Nor is there any suggestion that the Ohls plaintiffs are necessary parties to this litigation under Fed. R. Civ. P. 19.

Plaintiffs' motion fits better as a request for consolidation under Fed. R. Civ. P. 42(a), though it is not entirely clear that is what Plaintiffs intend.[1] Even if Plaintiffs' motion is so construed, Plaintiffs have not persuaded the Court that consolidation is advisable. Plaintiffs argue that "much of the discovery will be the same in the actions, and joinder would only serve to

---

[1] Plaintiffs do not address whether the cases should be consolidated for all purposes, including trial, or consolidated for discovery only, or perhaps some portion of discovery.

expedite the discovery process and eliminate repetitive depositions." (d/e 15, ¶ 11).

The court sees how consolidation might help Plaintiffs expedite their own discovery and reduce their own costs. However, the Court does not see how consolidation would help save time and money for the parties in Ohls. Defendants voice a valid concern that consolidation "will either require a substantial and unjustifiable delay to the resolution of *Ohls* or a shortening of the schedule agreed upon by the parties in the instant case which will deprive the defendants of meaningful and complete discovery." (d/e 14, p. 3). Given the substantial discovery that has already occurred in Ohls, consolidating the cases would arguably not help Defendants avoid duplicative discovery. Defendants represent that they have already produced more than 5,000 documents in Ohls, and that depositions were scheduled for September 27, 2006. (d/e 14, p. 3).

The interests of the Ohls plaintiffs should also be considered. Prolonging Ohls' might prejudice the plaintiffs' ability to put on their case in Ohls, and introduce unnecessary complication and confusion. *See* Vallero v. Burlington Northern Railroad Co., 749 F.Supp. 908, 913 (C.D. Ill. 1990, Judge Mihm)(court should not order consolidation where party would be

prejudiced). Potential prejudice to the Ohls plaintiffs cannot be ruled out without input from them.

The Court also does not see how consolidation will help serve judicial economy. Ohls was filed over six months before this case; the Ohls plaintiffs are represented by different counsel; and, Ohls is proceeding before a different Judge. Scheduling deadlines in Ohls were set nearly one year ago, in December, 2005. (Ohls, 05-1311, 12/8/05 minute entry). Discovery in Ohls will close in less than two months (December 1, 2006) with the trial set in June, 2007.

In contrast, the scheduling deadlines in this case were set just last month (d/e 9). Discovery in this case will not close until September 1, 2007, nine months after discovery closes in Ohls. The trial in this case is set for February 25, 2008, eight months after the trial in Ohls.

Though the Complaints in the cases are virtually identical, the extent of actual evidentiary overlap remains as speculation. For example, there is no specific information on the nature of the contractual relationships at issue; the plaintiffs' respective business practices; the dates, locations and specific amounts of the alleged underpayments; and/or whether the same persons were involved in making the alleged underpayments. Further,

Plaintiffs do not dispute Defendants' assertion that "it is not entirely clear that both cases will be disposed of on the same issues. For example, there is an intervening bankruptcy in Ohls which may affect the outcome of that case." (d/e , p. 4).[2] Plaintiff's assertions of commonality are too vague and conclusory to justify consolidation on the present record.

In sum, Fed. R. Civ. P. 20 is not applicable, and Plaintiff has not persuaded the Court that consolidation will accomplish economies of scale, in light of the different procedural postures of the cases. On the present records, consolidating the cases will significantly delay Ohls with no obvious corresponding benefit.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Permissive Joinder of Parties is denied (d/e 13).

ENTER:   October 12, 2006

                                                      s/ Byron G. Cudmore
                                        _____
                                           BYRON G. CUDMORE
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs do not assert that consolidation is necessary to avoid conflicting results or that the disposition of Ohls will affect the disposition of their case.